IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN A. MUHAMMAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-163-SLR |
| | ) |
| BANK OF NEW YORK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Plaintiff John A. Muhammad filed this action alleging discrimination related to mortgage fraud. (D.I. 2) He appears pro se and on March 23, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4) Muhammad advises the court that foreclosure of the property at issue is to take place on June 13, 2006. He moves the court to intervene in the state court foreclosure action and to stay the foreclosure until the matter is settled in federal court. (D.I. 8, 9)

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Moreover, § 2283 generally precludes federal injunctions that would stay pending foreclosure proceedings in the state courts. See Cragin v. Comerica Mortg. Co., No. 94-2246, 1995 WL 626292 (6th Cir. Oct. 24, 1995); Horton v. Clark, No. 90-5254, 1991 WL 240115 (10th Cir. Nov. 15, 1991); Phillips

v. Chas. Schreiner Bank, 894 F.2d 127, 131 (5th Cir. 1990); Ungar v. Mandell, 471 F.2d 1163 (2d Cir. 1972); First Nat'l Bank & Trust Co. of Racine v. Village of Skokie, 173 F.2d 1, 4-5 (7th Cir. 1949).

Plaintiff has not invoked any of the statutory exceptions of § 2283. Accordingly, the court declines to exercise jurisdiction and meddle in the state court proceedings. Plaintiff's avenue of relief lies within the state review process.

NOW THEREFORE, at Wilmington this ___ day of June, 2006, IT IS HEREBY ORDERED that plaintiff's motions to intervene (D.I. 8) and to stay foreclosure (D.I. 9) are DENIED.

_____
UNITED STATES DISTRICT JUDGE