IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN A. MUHAMMAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-163-SLR |
| | ) |
| BANK OF NEW YORK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Plaintiff John A. Muhammad ("Muhammad") filed this action alleging discrimination related to mortgage fraud. (D.I. 2) He appears pro se and on March 23, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

For the reasons discussed below, the complaint is dismissed without prejudice, with leave to amend.

**I.    THE COMPLAINT**

Muhammad alleges that on March 23, 2005, he was the victim of discrimination. The complaint alleges "(satisfaction piece) of mortgage was submitted in error. In turn facts were introduced showing mortgage fraud by defendant." (D.I. 2, ¶ 9) Muhammad seeks relief as follows, "that (satisfaction piece) be deemed correct, in it's submission by EquiCredit, and all foreclosure proceedings cease." Id. at ¶ 11.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Inasmuch as plaintiff proceeds pro se, the court construes the complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

## III. ANALYSIS

The complaint, as currently pled, is deficient. As it now

stands, the court cannot determine if it has jurisdiction over this matter. Plaintiff does not indicate if he seeks to invoke the jurisdiction of this court by raising a federal question or through the diversity of the parties. See 28 U.S.C. §§ 1331, 1332. The complaint does not indicate under what federal statute plaintiff proceeds, nor does plaintiff provide the address of defendant Bank of New York, a necessary factor in determining diversity. Also, plaintiff alleges discrimination, but does not indicate what type of discrimination. Finally, plaintiff's mention of foreclosure proceedings may require the court to abstain from this matter under the abstention doctrine but this, too, cannot be determined as the complaint is currently pled. See Younger v. Harris, 401 U.S. 37 (1971); Marks v. Stinson, 19 F.3d 873 (3d Cir. 1994).

As currently presented, the claim against Bank of New York presents no arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. at 325. Therefore, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IV. CONCLUSION**

NOW THEREFORE, at Wilmington this 14th day of June, 2006, IT IS HEREBY ORDERED that

1.  Plaintiff's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.  Plaintiff is given leave to amend the complaint. The

3

amended complaint shall be filed within thirty days from the date of this order. If an amended complaint is not filed within the time allowed, the case will be closed.

                                                                                /s/ Sue L. Robinson
                                                       UNITED STATES DISTRICT JUDGE