IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN A. MUHAMMAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-163-SLR |
| | ) |
| BANK OF NEW YORK, Trustee for | ) |
| Equicredit Corporation of | ) |
| America, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 25th day of September, 2006, having reviewed the complaint filed pursuant to 18 U.S.C. §§ 1005 and 1506;

IT IS ORDERED that the complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), for the reasons that follow:

1. **Background**, Plaintiff John A. Muhammad appears pro se and on March 23, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4)  He filed his original complaint alleging discrimination related to mortgage fraud. (D.I. 2)  The complaint was dismissed without prejudice, with leave to amend. (D.I. 11)  Plaintiff timely filed an amended complaint. (D.I. 12)

2. Plaintiff files the action pursuant to 18 U.S.C. § 1005 and 18 U.S.C. § 1506.  He asks the court to uphold the "satisfaction piece" dated January 22, 2001, having been

submitted into public record and that it be deemed correct and true in the New Castle County Recorder's Office. (D.I. 12) Plaintiff alleges an appeal was taken from the agency's decision and that charges were filed with the State Supreme Court and Superior Court. Id.

    3.  **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Inasmuch as

plaintiff proceeds pro se, the court construes the complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

4. **Discussion**. Plaintiff filed his amended complaint under 18 U.S.C. §§ 1005 and 1506. These statutes pertain to criminal proceedings and do not confer jurisdiction as to the civil controversy described in the complaint. National Bank of Mattoon v. Daviditis, 262 F.2d 884, 887 (7th Cir. 1959); Sordean v. United States, NO. C 94-2387 FMS, 1995 WL 86548 (N. D. Cal. Feb. 24, 1995). The statutes impose criminal penalties on persons found guilty of theft and of violating various banking laws. The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. See United States v. Batchelder, 442 U.S. 114, 124 (1979). Finally, neither statute authorizes a private cause of action. Homes by Michelle, Inc. v. Federal Sav. Bank, 733 F. Supp. 1495, 1499 (N.D. Ga. 1990).

5. **Conclusion**. Plaintiff's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Amendment of the complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d. Cir. 1976).

_____
UNITED STATES DISTRICT JUDGE